IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JEVONTE DANTZLER, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>A. MURGAS LLC, and ANTONIO C. MURGAS,<br><br>Defendants. | CIVIL ACTION NO. 3:23-CV-00310<br>JURY DEMAND<br><br>Judge William L. Campbell, Jr.<br><br>Magistrate Judge Barbara D. Holmes |

## DEFENDANTS' REPLY IN SUPPORT OF
## MOTION TO DISMISS AND COMPEL ARBITRATION

COMES NOW, Defendants A. Murgas LLC and Antonio C. Murgas and reply in support of their Motion to Dismiss and Compel Arbitration. (Docket Entry No. 21). Defendants move this Court pursuant to Fed. R. Civ. P. 12 (b)(6) and 9 U.S.C. §4 to enforce an arbitration agreement between the parties, compel arbitration of this matter, and dismiss the current litigation pending the conclusion of that arbitration.

In his Response, Plaintiff asserts the Arbitration Agreement lists Plaintiff and Air Assault Pizza, LLC as parties, but not Defendant A. Murgas LLC. Defendants also acknowledge this fact, but assert a mutual mistake between the parties. Defendants seek reformation of the contract to reflect the intention of the parties.

Plaintiff alleges "there is no mutual mistake," Defendants do not produce any evidence "that Plaintiff was aware of the mistake," and "there is no prior agreement to arbitrate[.]" (Docket

1

Entry No. 25, *Plaintiff's Response*, at p. 6). Plaintiff here misstates the test for contract reformation. Defendants must show a prior agreement regarding *some aspect* of the bargain; here, that Plaintiff wished to become employed by A. Murgas LLC; and A. Murgas LLC wished to employ Plaintiff. Neither Plaintiff nor Defendants intended Plaintiff to have any relationship with Air Assault Pizza, LLC. Plaintiff and Defendants had a prior agreement regarding Plaintiff's employment with A. Murgas LLC.

Nor do Defendants allege "Plaintiff was aware of the mistake at bar." If Plaintiff was aware of the mistake at the time of signing the Arbitration Agreement, but signed it anyway in order to preserve this argument against arbitration, then Plaintiff fraudulently took advantage of Defendants' mistake. *Sikora v. Vanderploeg*, 212 S.W.3d 277, 286 (Tenn. Ct. App. 2006). Such an agreement is still subject to reformation. *Id.*

Finally, Plaintiff states there was no "mutual mistake." Plaintiff asserts "it is entirely valid to assume that the arbitration agreement was between Plaintiff Jevonte Dantzler and Air Assault Pizza LLC." (Docket Entry No. 25, *Plaintiff's Response*, at p. 5). It is not "entirely valid to assume" that Plaintiff intended to contract for arbitration with a company by which he was not employed and had no affiliation. The Arbitration Agreement addresses "disputes that may arise out of the employment context." (*Agreement*, (I.)). "Covered Claims" are defined to be related to a "job application, hiring, terms and conditions of employment, job assignments, payment of wages, benefits, forms of compensation, or termination from the Company." (*Agreement*, (II.)(A.)). It is not entirely valid to assume Plaintiff intended to contract with an unrelated company. Plaintiff signed the Arbitration Agreement as part of the onboarding process for his position at A. Murgas LLC. Plaintiff was not employed by Air Assault Pizza, LLC, and did not complete paperwork related to his non-existent relationship with that entity. Plaintiff and Defendants engaged in a

2

mutual mistake in signing, and offering for signature, an agreement between parties that did not correctly list parties' names.

As Defendants have presented an argument for reformation, Plaintiff then "could further argue" that Defendants were grossly negligent. (Docket Entry No. 25, *Plaintiff's Response*, at p. 6). Plaintiff states this finding would be appropriate "given the ample time Defendants had to remedy any alleged 'typographical error' during the duration of Plaintiff's employment." *Id*. Plaintiff alleges inattention by Defendants during the two months of Plaintiff's employment.

As cited in Defendants' Motion, "if inattention were enough to defeat a claim for reformation based on a mistake in expression, the remedy would almost never be available to correct typographical mistakes and scriveners errors[.]" *Sikora v. Vanderploeg*, 212 S.W.3d 277, 290 (Tenn. Ct. App. 2006). "Thus, the level of negligence required to defeat a claim for reformation based on a mistake in execution is often described as 'gross negligence.'" *Id*. (citations omitted). And, specifically, "a party's failure to catch a drafting error when reading over a written contract does not normally rise to the level of 'gross negligence' that will bar reformation. This is true even where the party seeking reformation is the one who drafted the contract." *Id*. (citations omitted). Yet here, Plaintiff alleges that "inattention" should be sufficient to defeat the request for reformation. Tennessee courts have held it is not.

Separately, Plaintiff argues against Defendants being considered a "non-party" beneficiary, but Defendants have raised no such argument. Defendants state that the Arbitration Agreement listed an incorrect company name by mutual mistake, and request reformation of the Arbitration Agreement and its application to the instant matter. However, even if the correct test was that of "non-party" status, which Defendants deny, the "non-party" test still reverts to state law. "After *Arthur Andersen*, circuit courts have recognized that they now must look to the relevant state's

common law to decide when nonparties may enforce (or be bound by) an arbitration agreement." *AtriCure, Inc. v. Meng*, 12 F.4th 516, 524 (6th Cir. 2021) (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630, 129 S. Ct. 1896, 1901, 173 L. Ed. 2d 832 (2009). "Because the federal policy favoring arbitration applies 'only when both parties have consented to and are bound by the arbitration clause,' courts have refused to apply it [the federal policy favoring arbitration] to arbitration claims by or against nonparties." *Id.* (quoting *Griswold v. Coventry First LLC*, 762 F.3d 264, 271 (3d Cir. 2014)). "Tennessee common law recognizes a number of contractual defenses, including fraud, duress, undue influence, mistake, or incapacity." *In re Baby*, 447 S.W.3d 807, 832 (Tenn. 2014). Defendants have here raised mutual mistake, a Tennessee contract principal.

Finally, although Plaintiff contends "there is no mention in the entire arbitration agreement of A. Murgas LLC or even Antonio Murgas," the Agreement states it applies to "parents, franchisors, subsidiaries, affiliates, predecessors, successors and assigns, their (including the Company's) respective owners, directors, officers, managers (both direct and indirect), team members, vendors, and agents." (Docket Entry No. 25, *Plaintiff's Response*, at p. 4; *Agreement*, (I.)). Plaintiff has pled Defendant Antonio Murgas is "an owner of substantial interests in defendant, served as officer of the entity, and held managerial responsibilities […]" (Docket Entry No. 15, *Amended Complaint*, at ¶ 6). By its terms, the Arbitration Agreement applies to Defendant Mr. Murgas.[1]

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request this Court enter an order dismissing this matter and compelling arbitration. In the alternative, Defendants request this Court stay the proceedings and compel arbitration.

---

[1] Indeed, Plaintiff also asserts in his Response that "it is undisputed that Air Assault LLC was […] owned by Antonio Murgas." (Docket Entry No. 25, *Plaintiff's Response*, at p. 6).

4

DATED: July 25, 2023						Respectfully submitted,

							GORDON REES SCULLY MANSUKHANI, LLP

							*/s/ Heather Gwinn*
							Heather Gwinn, BPR 25931
							Samantha Gerken, BPR 33582
							4031 Aspen Grove Drive, Suite 290
							Franklin, Tennessee 37067
							Phone: (615) 772-9010
							hgwinn@grsm.com
							sgerken@grsm.com
							*Attorneys for Defendants Antonio Murgas and A. Murgas LLC*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on July 25, 2023, a true and correct copy of the foregoing document was filed and served electronically on all counsel of record, whom are indicated below, via CM/ECF:

Jesse H. Forester
Forster Haynie, PLLC
1701 N. Market Street, Suite 201
Dallas, TX 75202
(214) 210-2100
jay@foresterhaynie.com

William B. Ryan
1545 Union Avenue
Memphis, TN 38104
(901) 278-1004
billy@donatilaw.com

*Attorneys for Plaintiff*

Mark Nolan
Suzanne G. Marsh
Batson Nolan PLC
121 South Third Street

Clarksville, TN 37040
(931) 647-1501
dmnolan@batsonnolan.com
sgmarsh@batsonnolan.com

*Attorneys for Defendant Antonio C. Murgas*

                                                  Signed: */s/ Nicole Canter*
                                                  Nicole Canter, Assistant to Heather Gwinn