IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JEVONTE DANTZLER**, individually and on behalf of similarly situated persons, <br><br> **Plaintiff,** <br><br> v. <br><br> **A. MURGAS LLC, and ANTONIO C. MURGAS,** <br><br> **Defendants.** | NO. 3:23-cv-00310 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE HOLMES |

## MEMORANDUM

Pending before the Court is a Motion to Dismiss and Compel Arbitration filed by Defendants A. Murgas LLC and Antonio C. Murgas. (Doc. No. 21). Plaintiff Jevonte Dantzler filed a response (Doc. No. 25) and Defendants filed a reply (Doc. No. 27).

For the reasons stated herein, Defendants' Motion to Dismiss and Compel Arbitration is **DENIED**.

### I. BACKGROUND

Plaintiff was employed by Defendant A. Murgas LLC as a pizza delivery driver in Clarksville, Tennessee from approximately June 2022, to July 30, 2022. (Am. Compl., Doc. No. 15, ¶ 7; Murgas Decl., Doc. No. 21-2, ¶¶ 5, 11). Plaintiff brings claims for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., alleging Defendants' failure to reasonably reimburse automobile expenses caused minimum wage violations. (*Id*., ¶¶ 22-32, 37-49).

A. Murgas LLC is owned by Defendant Antonio Murgas. (Doc. No. 21-2, ¶ 1). To onboard new employees A. Murgas LLC employs an accounting firm which in turn employs a payroll and onboarding firm. (*Id*. ¶ 2). An employee of A. Murgas LLC provided the wrong Arbitration

Agreement to the accounting firm, which in turn provided it to the onboarding firm. (*Id*. ¶ 8). That agreement erroneously listed "the Company" as "Domino's Pizza DBA Air Assault Pizza LLC" rather than "A. Murgas LLC."[1] (*Id*. ¶ 8; Doc. No. 24-1). In June 2022, Plaintiff digitally signed the Arbitration Agreement that defined "the Company" as "Domino's Pizza DBA Air Assault Pizza LLC." The Arbitration Agreement Plaintiff signed is not signed by any corporate representative and does not identify A. Murgas LLC or Antonio Murgas by name anywhere in the agreement.

Defendants A. Murgas LLC and Antonio Murgas move to dismiss the case and compel arbitration pursuant to the Arbitration Agreement. Defendants acknowledge that the Arbitration Agreement names Domino's Pizza DBA Air Assault Pizza LLC, not A. Murgas LLC, as party to the agreement. They contend reformation of the contract is appropriate because the name of "the Company" was a typographical error. In the alternative, Defendants argue the Arbitration Agreement applies because "the Company" is broadly defined to include "parents, franchisors, subsidiaries, affiliates, predecessors, successors and assigns, their (including the Company's) respective owners, directors, officers, managers (both direct and indirect), team members, vendors, and agents."

Plaintiff does not dispute that his claims fall within the scope of the Arbitration Agreement, but he argues that the Arbitration Agreement is not enforceable by Defendants because it does not include A. Murgas LLC or Antonio Murgas as parties and they have not shown reformation is proper.

---

[1] Air Assault Pizza LLC is also associated with Antonio Murgas. (*See* Tenn. Sec'y of State Filing Information, Doc. No. 25-1 (listing Antonio Murgas as registered agent)).

## II. LEGAL STANDARD

The question of whether Plaintiff's claim must be arbitrated is governed by the Federal Arbitration Act ("FAA"). 9 U.S.C. §§ 1 *et seq*. The FAA "expresses a strong public policy favoring arbitration of a wide range of disputes" and provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." *Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 376 (6th Cir. 2005) (quoting *Cooper v. MRM Invest. Co.*, 367 F.3d 493, 498 (6th Cir. 2004) and 9 U.S.C. § 2). "Arbitration is a matter of contract between the parties, and one cannot be required to submit to arbitration a dispute which it has not agreed to submit to arbitration." *Simon v. Pfizer Inc.*, 398 F.3d 765, 777 (6th Cir. 2005) (quoting *United Steelworkers, Loc. No. 1617 v. Gen. Fireproofing Co.*, 464 F.2d 726, 729 (6th Cir. 1972)).

The party claiming an agreement to arbitrate is defective must raise a genuine issue of material fact concerning the validity of the agreement. *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). "The required showing mirrors that required to withstand summary judgment in a civil suit." *Id*. Therefore, the Court reviews the facts in the light most favorable to the Plaintiff to determine whether the evidence presented raises a genuine question of material fact such that a finder of fact could conclude that no valid agreement to arbitrate exists. *Id*. (citing *Aiken v. City of Memphis*, 190 F.3d 753, 755 (6th Cir. 1999)).

If the district court is satisfied that the agreement to arbitrate is not "in issue," it must compel arbitration. *Great Earth*, 288 F.3d at 889. If the validity of the agreement to arbitrate is "in issue," the court must proceed to a trial to resolve the question. *Id*. (citing 9 U.S.C. § 4).

### III. ANALYSIS

Because the agreement to arbitrate is a matter of contract, whether a valid agreement to arbitrate exists is determined by state law. 9 U.S.C. § 2; *Cooper*, 367 F.3d at 498; *Howell v. Rivergate Toyota, Inc.*, 144 F. App'x 475, 477 (6th Cir. 2005). Here, the Arbitration Agreement was executed in Tennessee, so Tennessee law governs. *Glenway Indus., Inc. v. Wheelabrator-Frye, Inc.*, 686 F.2d 415, 417 (6th Cir. 1982) (federal courts sitting in diversity apply the choice of law rules of the forum state); *Williams v. Smith*, 465 S.W.3d 150, 153 (Tenn. Ct. App. 2014) (Tennessee follows the rule of *lex loci contractus*, which provides that a contract is governed by the law of the jurisdiction in which it was executed absent a contrary intent). In Tennessee, a contract "must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforced." *Doe v. HCA Health Servs. Of Tenn, Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001) (internal citation and quotation omitted).

Here, the dispute is with regard to the parties to the contract. The Arbitration Agreement itself names only the "Team Member," who is agreed to be the Plaintiff, and "the Company," which is defined as "Domino's Pizza DBA Air Assault Pizza LLC." (*See* Doc. No. 24-1). Defendants contend that the parties intended the Agreement to be between Plaintiff and his employer, A. Murgas LLC, and that the Agreement should be reformed to reflect the intention of the parties. In the alternative, Defendants argue that the Arbitration Agreement is enforceable by Defendants because "the Company" is broadly defined to include "parents, franchisors, subsidiaries, affiliates, predecessors, successors and assigns, their (including the Company's) respective owners, directors, officers, managers (both direct and indirect), team members, vendors, and agents."

4

As an initial matter, Defendants have not provided argument or authority to show that the Agreement's expansive definition of "the Company" allows non-parties to enforce the Agreement. Therefore, enforceability will turn on whether reformation of the Agreement is appropriate. "In order to obtain reformation on the basis of mistake in expression, a party must present clear and convincing evidence that: (1) the parties reached a prior agreement regarding some aspect of the bargain; (2) they intended the prior agreement to be included in the written contract; (3) the written contract materially differs from the prior agreement; and (4) the variation between the prior agreement and the written contract is not the result of gross negligence on the part of the party seeking reformation." *Sikora v. Vanderploeg*, 212 S.W.3d 277, 287 (Tenn. Ct. App. 2006). "The purpose of reformation is to make the contract "conform to the real intention of the parties." *Id.* (quoting *Lebo v. Green*, 426 S.W.2d 489, 494 (1968)). "The error in the instrument must have occurred because of the mutual mistake of the parties or because of one party's mistake induced by the other party's fraud." *Holiday Hosp. Franchising, Inc. v. States Res., Inc.*, 232 S.W.3d 41, 51 (Tenn. Ct. App. 2006). "A unilateral mistake or mere oversight by one party cannot be the subject of correction by reformation." *Id.* In Tennessee, the party seeking reformation has the burden of proving the mutual mistake by clear and convincing evidence. *See e.g. Sikora*, 212 S.W.3d at 287.

As evidence that Plaintiff Jevonte Dantzler and Defendant A. Murgas LLC intended to enter into the Arbitration Agreement, Defendants rely upon the Agreement itself, which was signed digitally by Plaintiff on June 19, 2022. (*See* Doc. No. 24-1). The Agreement is not signed by Defendant A. Murgas LLC or any other company. (*Id.*). Defendants also submit the Declaration of Antonio Murgas, the owner of A. Murgas LLC. (*See* Doc. No. 21-2). The Declaration states that A. Murgas LLC employs an accounting firm which in turn employs a payroll and onboarding firm to onboard employees for A. Murgas LLC. (*Id.* ¶ 2). An employee of A. Murgas LLC provided the

wrong Arbitration Agreement to the accounting firm, which in turn provided it to the onboarding firm. (*Id.* ¶ 8). That Arbitration Agreement listed "the Company" as "Domino's Pizza DBA Air Assault Pizza LLC" rather than "A. Murgas LLC." (*Id.* ¶ 8; Doc. No. 24-1). Finally, Mr. Murgas states that Plaintiff was employed by A. Murgas LLC, not Air Assault Pizza LLC. (Doc. No. 21-2 ¶¶ 9, 10).

On this record, Defendants have failed to establish by clear and convincing evidence that the Arbitration Agreement should be reformed to change the name of the party to the agreement. As an initial matter, the parties have not identified any case that would allow reformation to change the name of a contracting party. On a more practical level, the evidence simply does not establish that Plaintiff Jevonte Dantzler intended to agree to arbitration with A. Murgas LLC rather than a different corporate entity. Nothing in the Agreement references A. Murgas LLC, and no corporate representative signed the Agreement or even was present when the agreement was signed. Instead, Plaintiff met with an agent of the onboarding firm twice removed from A. Murgas LLC.

More importantly for purposes of this motion, viewing all facts an inferences in favor of the Plaintiff, a reasonable finder of fact could conclude that no valid agreement to arbitrate exists. Therefore, the validity of the Arbitration Agreement is "in issue" and Defendant's motion to dismiss and compel arbitration must be denied. *See Great Earth Companies*, 288 F.3d at 889 (citing 9 U.S.C. § 4).

## IV. CONCLUSION

For these reasons, Defendant's Motion to Compel Arbitration (Doc. No. 264) will be **DENIED**. An appropriate Order will enter.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE